IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| AMERICAN FREIGHT, LLC et al. ) | |
| ) | |
| v. ) | Case No. 3:23-mc-00002 |
| ) | |
| KARL FINLEY ) | |

**TO:** Honorable Aleta A. Trauger, United States District Judge

### REPORT AND RECOMMENDATION

Pending before the Court is respondent/defendant Karl Finley's motion to quash writ of execution (Docket No. 6) to which petitioners/plaintiffs American Freight LLC and American Freight Management Company, LLC (collectively, "American Freight") have responded (Docket No. 15) and to which Finley has replied (Docket No. 18). This matter was referred to the undersigned for disposition. (Docket No. 12.)

Because this is a post-judgment motion, the magistrate judge's jurisdiction is limited to a report and recommendation. 28 U.S.C. § 636(b)(1)(b); *see also Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993). For the reasons discussed below, the undersigned respectfully recommends that the motion to quash (Docket No. 9) be GRANTED.

### I. BACKGROUND[1]

This miscellaneous proceeding was commenced on January 12, 2023, when American Freight registered a foreign default judgment entered against Finley in the U.S. District Court for the Southern District of Ohio in the case of *American Freight, LLC and American Freight*

---

[1] Familiarity with this case is presumed and the background is only recited in detail here as needed to explain or give context to this report and recommendation.

1

Case 3:23-mc-00002    Document 20    Filed 08/01/23    Page 1 of 15 PageID #: 60

*Management Company, LLC v. Gavin Gosik and Karl Finley*, Case No. 2:22-cv-2733-SDM-CMV. (Docket No. 1.) On April 14, 2023, American Freight filed an application for writ of execution. (Docket No. 2.) On April 19, 2023, the Clerk issued a writ of execution for "any accounts owed by" judgment debtor Finley that were in the possession of garnishee U.S. Bank National Association. (Docket No. 3.) Along with the writ of execution, the Clerk also issued a service packet, consisting of a "Summons and Notice to the Garnishee" (*id.* at 5), an answer for the garnishee to complete (*id.* at 6), a "Notice to Judgment Debtor (Non-Wage Garnishment)" (*id.* at 7), and a "Notice to Debtor" (*id.* at 8).[2] A return of process was docketed on May 8, 2023, stating that the writ was served by the U.S. Marshal on a branch manager of U.S. Bank on May 4, 2023 at 10:30 am. (Docket No. 4.)

On May 17, 2023, the Clerk's office received U.S. Bank's answer to the writ of execution. (Docket No. 5.) In its answer, U.S. Bank stated that, at the time that it answered the garnishment, U.S. Bank had $68,937.90 belonging to Finley. (*Id.*) It also stated that it separately sent a check to the Clerk of Court. (*Id.*)[3] U.S. Bank also provided the name and address of Kelsey Finley as a person who had possession or control of property, debts, or effects belonging to Finley, though U.S. Bank did not state what those property, debts, or effects might be, nor did U.S. Bank provide any description of Kelsey Finley's interest. (*Id.*)

In response, on May 23, 2023, Finley filed the instant motion to quash the writ. (Docket No. 6.) In the motion, Finley contends that he did not receive proper notice of the writ under Tenn. Code Ann. § 26-2-401, *et seq.* and, therefore, the writ must be quashed. (*Id.*) He asserts that neither

---

[2] The summons and notice to garnishee U.S. Bank included instructions, which, in part, directed the procedures for notice to the judgment debtor, in this case Finley. (Docket No. 3 at 5.)

[3] The Court received the garnished funds in the amount of $68,937.90 on or about May 22, 2023, which remain on deposit.

2

U.S. Bank nor the U.S. Marshal's office that served the writ provided Finley with a notice or garnishment summons even though provision of these documents is statutorily required. (*Id.* (citing Tenn. Code Ann. §§ 26-2-405 to -406).) He alleges that he and his wife jointly hold the account at issue, and they first learned of the writ on May 10, 2023 when Finley "discover[ed] that his family's deposit accounts at U.S. Bank could not be accessed." (*Id.* at 1.)

In support of his motion, Finley filed a declaration wherein he states that he was not "served with a writ of execution." (Docket No. 7 at ¶ 3.) Rather, accordingly to Finley's sworn declaration, the only notice he received was from U.S. Bank. (*Id.* at ¶ 4.) That notice is a three-page letter dated May 9, 2023 in which U.S. Bank informs Finley that a "garnishment/citation" was served on the bank, which required the bank to hold or remit funds in Finley's account ending in X2113. (Docket No. 7-1.) The notice provided contact information for American Freight's legal counsel and some general information, but it did not provide a copy of the garnishment summons or required notice. (*Id.*)

Also in support of his motion, Finley filed a declaration from his wife, Kelsey Finley, stating that, likewise, she was not "served with a writ of execution." (Docket No. 8 at ¶ 4.) Kelsey Finley states that she only became aware of "any issues in this case" when she learned that the "savings account establish[ed] jointly with [her] husband . . . could not be accessed." (*Id.* at ¶ 5.)

American Freight failed to respond to the motion to quash within 14 days as required under Local Rule 7.01(a)(3). Accordingly, this Court issued an order on June 27, 2023 requiring American Freight to file a response not later than July 5, 2023. (Docket No. 13.) The Court supplemented that order to clarify that American Freight's response must show good cause for its failure to timely respond to the motion pursuant to Local Rule 7.01(a)(3). (Docket No. 14.)

3

On July 3, 2023, American Freight filed its response to the motion to quash. (Docket No. 15.) In its response, American Freight maintains that the motion should be denied because "notice was proper under Tennessee law." (*Id.* at 1.) American Freight argues that the U.S. Marshal's office complied with Tennessee statute because it mailed the "execution" to Finley. (*Id.* at 1-2.) American Freight states that its counsel "verbally verified with the Marshall [sic] Service that they had in fact mailed the execution to Defendant." (*Id.* at 2.) American Freight further contends that U.S. Bank "substantially complied" with its statutory duty to mail Finley a copy of the summons and notice. (*Id.* at 2.) American Freight does not clarify what documents U.S. Bank sent to Finley, but it asserts that, even if U.S. Bank did not mail the required documents to Finley within the statutory period, the writ should not be quashed because "all other procedures were followed exactly." (*Id.* at 3.) American Freight does not elaborate on what those "other procedures" are.

As for its failure to timely respond to the motion, American Freight states that this omission occurred because of "excusable neglect." (*Id.* at 3.) It points to a change in counsel and a lapse in communication among outgoing counsel, incoming counsel, and American Freight's in-house counsel as the reason it failed to comply with Local Rule 7.01(a)(3). (*Id.*) American Freight further states that this was an "isolated incident" owing to counsel's unfamiliarity with "Federal Court's internal procedures regarding notice to counsel, specifically that all notifications are provided online upon filing rather than by mail." (*Id.* at 4.)

In reply, Finley contends that none of American Freight's arguments support denial of the motion to quash because there is no competent, admissible evidence in the record that either the U.S. Marshal or U.S. Bank strictly complied with the requirements for notice, as required by Tennessee law. (Docket No. 18.) Finley further asserts that his counsel was informed by the U.S. Marshal's office that the writ was served only on the local branch of U.S. Bank. (*Id*. at 2 n.2.)

4

## II. APPLICABLE LAW

Federal Rule of Civil Procedure 69 is the starting point for determining the procedure that a judgment creditor must follow to pursue satisfaction on a federal court judgment. "The usual process for enforcement is by a writ of execution, unless the court, in accordance with state law or a federal statute, directs otherwise." 12 Wright & Miller, Fed. Prac. & Proc. § 3011 (2d ed.). "The procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a); *Apostolic Pentecostal Church v. Colbert*, 169 F.3d 409, 414 (6th Cir. 1999). "In the absence of a controlling federal statute, the district court has the same authority to aid judgment creditors as that provided by local law to courts of the state in which the district court sits." *Rogers v. Webster*, No. 84-1096, 1985 WL 13788, at *1 (6th Cir. Oct. 22, 1985) (citing *Duchek v. Jacobi*, 646 F.2d 415, 417 (9th Cir. 1981)).

The Tennessee Court of Appeals explained the garnishment process under Tennessee law as follows:

> Garnishment is a proceeding whereby the plaintiff seeks to subject to his claim property of the defendant in the hands of a third person or money owed by such third person to defendant. The person in whose hands such effects are attached is the garnishee, because he is garnisheed, or warned, not to deliver them to the defendant, but to answer the plaintiff's suit. Upon its service the property, effects, or debts in the hands of the garnishee are in the custody of the law, and beyond the control of either the garnishee or the judgment debtor.

*Boyd v. Cruze*, No. E2003–02697–COA–R3–CV, 2005 WL 1493157, at *8 (Tenn. Ct. App. Jun. 24, 2005) (quoting *Stonecipher v. Knoxville Sav. & Loan Assoc.*, 42 Tenn.App. 86, 298 S.W.2d 785, 787 (Tenn. Ct. App. 1956)). Specifically, when a judgment is entered for the recovery of money, the usual process for enforcement is a writ of execution, which is "simply an order directing the sheriff to levy upon and sell the judgment debtor's property identified in the writ that

is not statutorily exempt." *Keep Fresh Filters, Inc. v. Reguli*, 888 S.W.2d 437, 443 (Tenn. Ct. App. 1994). The writ of execution may be issued against nonexempt goods, chattels, lands, and tenements of any judgment debtor. Tenn. Code Ann. § 26-1-104.

Tennessee's statutory procedures governing garnishments in aid of execution of judgments are set forth in Tenn. Code Ann. §§ 26-2-201 *et seq.* and 26-2-401 *et seq.* These statutory provisions include the requirements and mechanics for notifying and informing judgment debtors about the nature of an execution or a garnishment, the existence of exemptions, and the procedures for claiming an exemption or seeking a payment plan, among other information. Tennessee statutory procedures require a notice to the judgment debtor, which must be provided by the clerk of court when issuing an execution or garnishment. Tenn. Code Ann. §§ 26-2-203 to -204.[4] The procedures also require both the officer levying the execution and the garnishee who receives the writ of execution to provide copies of relevant documents to the judgment debtor within a certain amount of time. Tenn. Code Ann. §§ 26-2-405 and -406.[5]

---

[4] The pertinent part of Tenn. Code Ann. § 26-2-203 provides as follows:

(b) The summons to the garnishee shall notify the garnishee as follows:

NOTICE--Although you have a longer time in which to answer the court concerning this garnishment, you must do the following on the same day you receive the garnishment, or on the next working day. Determine if you possess or control money or property of the judgment debtor. If so, within that same time period, you shall furnish a copy of the garnishment summons and Notice to Judgment Debtor by mailing them first class, postage prepaid, to the judgment debtor's last known address as shown by your records, or by actual delivery to the judgment debtor. If the address shown by your records differs from that shown on this execution form, you shall also mail a copy of the garnishment and notice to the latter address.

Tenn. Code Ann. § 26-2-203(b).

[5] "A levy of execution is the officer's act of appropriating or singling-out the debtor's property for the satisfaction of a debt. It is accomplished by the officer's asserting dominion over the property by actually taking possession of it or doing something that amounts to the same thing."

Those two sections state in full:

> A sheriff or other officer who levies an execution upon property of a judgment debtor shall immediately thereafter on that same or next working day provide the judgment debtor with a copy of the execution that describes the property levied upon and with a completed copy of the notice set forth in § 26-2-404 by mailing them first class, postage prepaid, to the judgment debtor at the address provided pursuant to § 26-2-402, or by actual delivery to the judgment debtor.

Tenn. Code Ann. § 26-2-405.[6]

> A sheriff or other officer who summons a garnishee shall provide the garnishee with three (3) copies of the garnishment summons providing the completed notice required by § 26-2-404 or by § 26-2-216, whichever is applicable. On that same or the next working day, the garnishee shall determine if such garnishee possesses or controls money or property of the judgment debtor; and if so, within that same time period shall furnish a copy of the garnishment summons and notice by mailing them first class, postage prepaid, to the judgment debtor's last known address as shown by the garnishee's records, or by actual delivery to the judgment debtor. If the address as shown by the garnishee's records differs from that provided by the creditor as shown on the bottom of the completed notice, the garnishee shall also mail a copy of the garnishment and notice to the judgment debtor at the latter address by first class mail, postage prepaid.

Tenn. Code Ann. § 26-2-406.

In sum, the first section, Tenn. Code Ann. §§ 26-2-405, imposes requirements on the sheriff or officer who levies the execution, and the second section, Tenn. Code Ann. §§ 26-2-406, imposes requirements on the garnishee. Both the officer and the garnishee must provide the judgment debtor with copies of pertinent documents. The officer must provide the execution that describes the property levied upon and the completed notice found in § 26-2-404 and the garnishee must

---

*Keep Fresh Filters, Inc. v. Reguli*, 888 S.W.2d 437, 444 (Tenn. Ct. App. 1994) (internal citations omitted).

[6] Section 26-2-404 requires a specific form of notice to the judgment debtor that must either be included in the text of a garnishment or "securely attached" to the garnishment. Tenn. Code Ann. § 26-2-404. Section 26-2-216 requires a specific form of notice of wages garnishment, which does not apply here.

provide the garnishment summons and the completed notice required by § 26-2-404.[7] Both the officer and the garnishee must provide these documents to the judgment debtor either on the day the execution is levied or the summons is received, or on the "next working day." Tenn. Code Ann. §§ 26-2-405 and -406. Copies of the required documents must either be mailed or actually delivered to the judgment debtor. *Id*.[8]

A motion to quash is "[a] party's request that the court nullify process or an act instituted by the other party." *Massey v. Casals*, No. W2011–02350–COA–R3–JV, 2012 WL 6697594, at *1 n.1 (Tenn. Ct. App. Dec. 26, 2012) (citing Black's Law Dictionary (9th ed. 2009)) (granting motion to quash writ of garnishment). "An order quashing or dismissing a garnishment proceeding, or dissolving the garnishment, 'destroys the right secured by the garnishment' and 'releases the property garnished.'" *Massey*, 2012 WL 6697594 at *3 (quoting 38 C.J.S. Garnishment § 373).

### III. ANALYSIS

**A.  Compliance with Tenn. Code Ann. § 26-2-401,** *et seq.*

The issue the Court must resolve is whether Finley, the judgment debtor, received adequate notice of American Freight's garnishment pursuant to Tenn. Code Ann. §§ 26-2-405 and -406. For the notice to be sufficient, both the U.S. Marshal and U.S. Bank needed to provide Finley (i) with

---

[7] The garnishee is only required to provide copies of the garnishment summons and notice to the judgment debtor if the garnishee determines that it "possesses or controls money or property of the judgment debtor." Tenn. Code Ann. § 26-2-406.

[8] Finley's arguments in support of his motion to quash focus on the technical requirements under the applicable Tennessee statutes and he does not allege that his due process rights were violated. Nevertheless, the Court notes the general legal principle that "due process requires notice of the garnishment, the exemptions, and challenging procedures." *Burris v. Mahaney*, 716 F.Supp. 1051, 1061 (M.D. Tenn. 1989) ("Courts applying the *Mathews* [*v. Eldrige*, 424 U.S. 319 (1976),] balancing test to postjudgment garnishments appear to be in unanimous agreement concerning certain basics. All agree that due process at least requires that the judgment debtor be informed of the garnishment, of the existence of exemptions, and of procedures to assert those exemptions or challenge the garnishment.").

copies of certain documents, (ii) within a certain period of time, and (iii) by a certain method. The evidence in the record indicates these requirements were not met.

First, with respect to the required documents, there is no evidence in the record to show that Finley, the judgment debtor, received copies of either the execution that describes the property levied upon and the notice set forth in § 26-2-404 from the U.S. Marshal, or the garnishment summons and notice from U.S. Bank. With respect to the U.S. Marshal, there is no evidence in the record to indicate that either the execution or notice were sent to Finley. Both parties refer to conversations their counsel ostensibly had with unidentified persons at the U.S. Marshal's office to support their contentions that either notice was proper or improper. (Docket No. 15 at 2; Docket No. 18 at 2 n.2.) However, the Court will disregard both statements as neither are verified. Accordingly, there is no evidence in the record to show that the U.S. Marshal provided Finley with copies of the execution or notice as required under Tenn. Code Ann. § 26-2-405.

In addition, the only evidence in the record with respect to the documents provided by U.S. Bank are the declaration of Finley (Docket No. 7), the declaration of Kelsey Finley (Docket No. 8), and the May 9, 2023 letter from U.S. Bank to Finley (Docket No. 7-1). These three documents are consistent with each other and indicate that the only communication from U.S. Bank to Finley regarding the writ and garnishment was the three-page letter itself. The letter did not enclose the garnishment summons or the statutorily required notice to Finley.[9] American Freight has provided no evidence to contradict the statements in the declarations, to demonstrate that the letter enclosed any additional documents, or to show that Finley received additional documents from U.S. Bank.

---

[9] The record indicates that the Clerk's office provided U.S. Bank with both the garnishment summons and notice, along with the writ of execution. (*See* Docket No. 3 at 5, 7.)

Accordingly, there is no evidence in the record to show that U.S. Bank provided Finley with the garnishment summons or notice as required under Tenn. Code Ann. § 26-2-406.

Second, there is no evidence in the record to show that Finley received copies of documents within the time prescribed by Tennessee statute. The U.S. Marshal was required to provide documents to Finley on the day it "levie[d] an execution" or on the "next working day." Tenn. Code Ann. § 26-2-405. The writ of execution was served on U.S. Bank on May 4, 2023. (Docket No. 4.) There is no indication that any documents were mailed to Finley or delivered to Finley on May 4, 2023 or May 5, 2023. In addition, U.S. Bank was required to provide documents to Finley on the day it received the garnishment summons or on the "next working day." Tenn. Code Ann. § 26-2-406. Finley declared that the only notice he received about the writ was the letter from U.S. Bank dated May 9, 2023, which was after the statutory period. Accordingly, there is no evidence in the record to show that either the U.S. Marshal or U.S. Bank provided Finley with the required documents within the time imposed by Tenn. Code Ann. §§ 26-2-405 and -406.

Third, with respect to the method of delivery, the Court is unable to determine whether the U.S. Marshal or U.S. Bank mailed documents first class, postage prepaid to Finley, or actually delivered documents to Finley. As a threshold matter, and as discussed above, there is no evidence supporting that Finley timely received the requisite documents from either the U.S. Marshal or U.S. Bank, which arguably dispenses with the need for the Court to consider the means of delivery. Nevertheless, for completeness, there is no indication or contention that any documents were delivered to Finley in person. Further, other than arguments from both parties' counsel regarding conversations with unidentified persons at the U.S. Marshal's office, to which the Court gives no weight for the reasons discussed above, there is no evidence to show that any information was mailed by the U.S. Marshal to Finley. The only evidence of mail is the May 9, 2023 letter from

10

U.S. Bank. However, the filed version of the letter did not include an envelope that would provide information about the method of mailing (Docket No. 7-1), and neither Finley nor Kelsey Finley attested to how the letter was mailed or received (*see* Docket Nos. 7, 8). Presumably, the letter was mailed first class postage prepaid.[10] However, to the extent it is even necessary for the Court to reach the issue of method of delivery of the required documents, there is no evidence in the record to show that either the U.S. Marshal or U.S. Bank complied with the method of delivery required under Tenn. Code Ann. §§ 26-2-405 and -406.

In its response, American Freight appears to concede that neither the U.S. Marshal nor U.S. Bank strictly complied with Tenn. Code Ann. §§ 26-2-405 and -406. However, it argues that strict compliance should not be required because to do so would pass the burden of compliance onto the judgment creditor, who would be unfairly "barred from recovering their just remedy due to inaction of the garnishee." (Docket No. 15 at 3.) American Freight argues that the legislature did not intend for garnishees to be required to "act within 24 hours of receiving notice of the execution." (*Id.*) American Freight did not provide any case law or legislative history to support its arguments.

To the contrary, this Court finds the case law cited by Finley in his reply to be persuasive. In those cases, the Tennessee Court of Appeals stated, "[t]he existence and efficacy of an execution lien depends only upon strict compliance with the statutes governing execution liens and writs of execution." *Reguli*, 888 S.W.2d at 444 (citing *Weaver v. Smith*, 102 Tenn. 47, 61, 50 S.W. 771,

---

[10] Finley's motion to quash generally references mailing of the U.S. Bank letter. (Docket No. 6 at 3.)

774 (1899)).[11] *See also Ingle v. Head*, No. W2006-02690-COA-R3-CV, 2007 WL 4530825, at *8 (Tenn. Ct. App. Dec. 26, 2007) (citing *Reguli*, 888 S.W.2d at 444). The Tennessee Court of Appeals went on to explain that "[a]s long as these statutory requirements are observed, persons claiming an execution lien need not comply with Article Nine's filing requirements because execution liens are not consensual security interests created by contract." *Reguli*, 888 S.W.2d at 444. The court also explained that strict compliance with the applicable statutes allows for avoidance of motor vehicle title and registration statutes as well. *See id.* In other words, strict compliance with the statutes governing execution is required to avoid compliance with other, more onerous statutes and regulatory schemes.

Accordingly, based on Tennessee case law on the need for strict compliance with the statutes related to execution liens and based on this Court's finding, as detailed above, that neither the U.S. Marshal nor U.S. Bank complied with the statutory requirements found within Tenn. Code Ann. §§ 26-2-405 and -406, this Court finds no merit in American Freight's contention that the motion to quash should be denied based on adequate though not complete statutory compliance.

While the Court understands American Freight's frustration that it must bear the burden of mistakes that it did not make, American Freight, as the judgment creditor, is ultimately the party that is responsible for ensuring compliance with the execution of the writ and the provision of notice to the judgment debtor and garnishee.

---

[11] As explained in *Reguli*, a levy on personal property results in the divestiture of the judgment debtor's interest in the property and imposes an execution lien on the property in favor of the judgment creditor. 888 S.W.2d at 444.

12

Case 3:23-mc-00002    Document 20    Filed 08/01/23    Page 12 of 15 PageID #: 71

## B. Compliance with Local Rule 7.01(a)(3)

The Court is also unpersuaded by American Freight's argument that its failure to timely respond to the motion to quash was due to "excusable neglect." The local rules of this Court require any party opposing a motion to serve and file a memorandum of law in response "not later than fourteen (14) days after service of the motion." Local R. 7.01(a)(3). This rule clearly states that "if a timely response is not filed, the motion shall be deemed to be unopposed." *Id.* Here, American Freight filed its response nearly sixty (60) days after service of the motion and only after prompting by the Court. (Docket Nos. 13, 14.)

American Freight availed itself of this Court's jurisdiction and is, therefore, tasked with familiarizing itself with the Local Rules. There is no dispute that American Freight's counsel of record, Vanessa Richardson, received notice of the motion to quash via electronic mail on May 23, 2023. American Freight appears to argue that Ms. Richardson is no longer counsel of record for American Freight and that communication issues occurred as Ms. Richardson was outgoing and new counsel was incoming. However, Ms. Richardson remains as counsel of record for American Freight. She has not moved to withdraw her representation. Accordingly, she is considered by the Court to be American Freight's current and active counsel, just as she was on the day that the motion to quash was filed and sent to her via electronic mail. Although the Court understands that communication issues can occur when parties are represented by counsel from different law firms, it is nevertheless undisputed that American Freight, via its counsel of record, was aware of the motion at the time it was filed and failed respond within fourteen (14) days or move this Court for an extension of that deadline.

Furthermore, the Court finds no merit in American Freight's argument that its counsel is unfamiliar with this Court's "internal procedures," particularly the procedure "that all notifications

13

are provided online upon filing rather than by mail." (Docket No. 15 at 4.) The Local Rules unambiguously state that "[r]eceipt of the Notice of Electronic Filing generated by the Court's Electronic Case Filing System (CM/ECF) shall constitute service of the electronically filed document on persons registered as Electronic Filing Users. Electronic service is complete upon transmission." Local R. 5.02(c). Counsel for all parties in proceedings in this Court are presumed to be familiar with this Court's practices and rules, which are readily available and accessible. For all these reasons, the Court does not find good cause for American Freight's failure to timely respond to the motion to quash.

Based on the foregoing, the Court finds sound bases for granting Finley's motion to quash and for dissolution of the garnishment, with return of the funds to U.S. Bank to be redeposited into the account from which they were withdrawn.[12]

## IV. RECOMMENDATION

For the above stated reasons, it is respectfully RECOMMENDED that:

1. Respondent/defendant Karl Finley's motion to quash writ of execution (Docket No. 6) be GRANTED;

2. The writ of execution directed to U.S. Bank National Association (Docket No. 3) be QUASHED and DISSOLVED; and

---

[12] The Court recognizes that, upon granting of the motion to quash in *Massey v. Casals*, the improperly garnished funds were returned to the movant. No. W2011–02350–COA–R3–JV, 2012 WL 6697594, at *3 (Tenn. Ct. App. Dec. 26, 2012). However, in that case, the basis for dissolution of the garnishment was the improper levy on exempt property. Under Tennessee law, "[w]hen property has been determined to be exempt by agreement or by judicial determination, the property shall be immediately released to the judgment debtor." *Id*. (quoting Tenn. Code Ann. § 26-2-408). The specific issue of whether some or all the garnished funds are exempt was not raised in this matter. The Court, therefore, finds it appropriate to direct the garnished funds be returned to the garnishee. *Id*. at n. 5.

14

3. The funds being held by the Clerk of Court on behalf of U.S. Bank National Association in the amount of $68,937.90 be RETURNED and DEPOSITED into the account ending in X2113 at U.S. Bank National Association where the funds were previously deposited and, additionally, that, in an effort to avoid any further confusion, delay, or possible misplacement of the returned funds, a copy of any final order directing the return and re-deposit of the funds be provided with the returned funds to U.S. Bank.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(a). Failure to file specific written objections within the specified time can be deemed to be a waiver of the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Milton*, 380 F.3d 909, 912 (6th Cir. 2004) (en banc). Any responses to objections to this Report and Recommendation must be filed within fourteen (14) days of the filing of the objections. *See* Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(b).

Respectfully submitted,

_____
BARBARA D. HOLMES
United States Magistrate Judge